IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIAN MCKINNEY, KAREN MCKINNEY, D & K CONTRACTING, LLC, )<br>)<br>)<br>)<br>Plaintiffs,           )<br>)<br>v.                              )<br>)<br>VICKI L. BOSER Individually and as )<br>Agent of INSURANCE TEK, INC., *et al.* )<br>)<br>Defendants.        ) | 2:19cv771<br>**Electronic Filing** |

### MEMORANDUM OPINION

Plaintiffs commenced this action seeking redress for the alleged wrongful denial of insurance coverage under professional liability policies and errors and omissions coverage. In addition to three insurance carriers, plaintiffs sued Vicki L. Boser "individually and as Agent of Insurance TEK, Inc." ("defendant"), for breach of contract, bad faith insurance practices, equitable estoppel and violation of Pennsylvania's Unfair Trade Practices Act. On February 18, 2020, plaintiffs effectuate service of the complaint on defendant at her home in Snohomish, Washington. See Affidavit of Service (Doc. No. 43) at 1. Plaintiffs requested default after defendant failed to file a responsive pleading and the Clerk of Court entered default against plaintiff on April 6, 2020. See Clerk's Entry of Default (Doc. No. 50).

Plaintiffs then sought to move forward with default judgment against defendant. See Motion for Default Judgment (Doc. No. 49). They also settled with the remaining defendants. See Notices of Voluntary Dismissal (Doc. No.s 45, 60) and Orders of April 7, 2020 (Doc. No. 53) and September 11, 2020 (Doc. No. 60).

On March 16, 2021, plaintiffs were directed to file a status report updating the court as to defendant, who was at that point the sole remaining defendant. In the report, plaintiffs noted defendant's failure to do anything in the case despite having been served over a year prior, their

settlements with all remaining defendants, the Clerk's entry of default and their intent to proceed to default judgment due to remaining damages allegedly flowing from defendant's actions. See Status report of March 17, 2021 (Doc. No. 65). An order was then issued scheduling a default judgment hearing on March 25, 2021 (which was continued to March 30, 2021) and directing plaintiffs to provide the court with "a summary of damages, an exhibit list, and a witness list" in conjunction with the hearing. See Order of March 18, 2021 (Doc. No. 66).

Defendant filed a "Declaration" in response to the scheduled hearing for default judgment. The hearing was convened on March 30, 2021, by video conferencing and defendant appeared at the hearing. At the conclusion of the hearing, the court deemed defendant's declaration to be "a motion to open default." It denied plaintiffs' motion for default judgment without prejudice to refile in the event defendant's motion to open default was denied. The court then directed further briefing on the motion, which the parties submitted. See Defendant's Brief in Support (Doc. No. 74) and Exhibits in Support thereof (Doc. No. 73); Plaintiffs' Brief in Opposition (Doc. No. 75). Defendant's motion to open default is thus ripe for disposition.

In her motion, defendant acknowledges receiving service of the complaint in February of 2020 and understanding that she was required to file a responsive pleading. She has been under financial constraints for some time and continues to be because of the reversal of her business fortunes and the significant medical expenses incurred by her husband. She consulted with a number of attorneys about representation but has "not been able to afford a lawyer to help defend [her]." She also complains that despite having contacted plaintiffs' counsel, she has not received a direct response from him. Nor has she been kept abreast of case developments. And the onset of COVID-19 and her unfamiliarity with corresponding with the court has made effective communications all that more difficult.

As to the merits of her defense, defendant posits that the coverage plaintiff purchased was limited to a business liability and professional insurance policy and the loss for which coverage was sought typically is covered under an employment practices liability policy, which plaintiffs declined to purchase. In this regard, defendant is not an insurance adjuster, but she did convey plaintiffs' request to defendant Cochrane & Co. for set up with Scottdale Insurance for a coverage evaluation. Plaintiffs elected to fight their case in court after they received an outline of the coverage afforded. And the loss purportedly resulted from an employee or a change to a subcontractor, which in either event would not be covered. Beyond these straightforward communications, defendant simply provided plaintiffs with information on standard business practices within the insurance industry. Further, any liability against defendant was released to Cochrane & Co. in November of 2016. All of which assertedly renders the lawsuit lacking in validity and supplies the grounds for a dismissal. See Brief in Support of Motion to Open (Doc. No. 73) at 1-2, 18-19.

Finally, defendant filed for bankruptcy in June of 2019 in the Western District of Washington, and received a Chapter 7 discharge in late 2019. She reports:

> I have had severe financial problems for a while. My husband contracted cancer and incurred huge medical bills. My business fortunes suffered reversals. We petitioned for Chapter 7 bankruptcy in June 2019 and tried to list all debts. Our bankruptcy was declared final in late 2019. We still have IRS debt that was not discharged and currently live at the edge of our credit. Later, when I learned of this claim (February 2020), a claim for damages that pre-date the discharge of my other debts in bankruptcy, I tried to arrange to have the bankruptcy amended to include the debt this claim raises and thought that had been done. I was later informed that, absent certain circumstances, all debts that were incurred prior to a no-asset Chapter 7 filing are included and subject to the discharge, even if they were not listed in the original filing. I believe a debt discharged in bankruptcy or one which in fairness ought to have been discharged should serve as an affirmative defense to a legal claim and related debt.

Declaration (Doc. No. 70) at 2-3. Defendant has advised plaintiffs' counsel that she directed her bankruptcy attorney to amend the petition to include the potential liability from this lawsuit.

3

Brief in Support (Doc. No. 73) at 19. She has not provided documentation that the bankruptcy petition has been reopened and the schedules amended to include plaintiffs' claims, with plaintiffs receiving notice of the same.

Plaintiffs address the merits of defendant's motion. They do not comment on her asserted intent to reopen the bankruptcy proceeding. On the merits, plaintiffs maintain that defendant received effective service of process and made a conscious choice to ignore the case until she received notice of an upcoming default hearing. And her financial motives for doing so assertedly are not grounds for setting aside the default. Further, from their perspective, defendant's proffered defense is little more than a thinly veiled general denial of liability. And given the passage of time and the resolution of the claims against the other defendants in the interim, lifting the default will result in actual prejudice to them. Thus, plaintiffs assert that the facts of record weigh in favor of denying the motion to open.

The entry of default and setting a default aside are addressed in Federal Rule of Civil Procedure 55. It states in relevant part:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>  * * *
> (c) Setting Aside Default. For good cause shown the court may set aside the entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). (governing relief from final judgments for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud)

Under this Rule the decision of whether to set aside the entry of a default rests with the discretion of the court. Cassell v. Philadelphia Maintenance Co., 198 F.R.D. 67, 68-69 (E.D. Pa. 2000). Motions to do so are to be construed liberally in favor of the moving party. Id. (citing Choice Hotels International, Inc. v. Pennave Associates, Inc., 192 F.R.D. 171, 173–74

(E.D. Pa. 2000), citing, *inter alia*, U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984)).

    As a general matter, the courts within this jurisdiction do not favor default judgments and in close cases, doubts are to be resolved in favor of reaching the merits. Id. (citing Zawadski DeBueno v. Bueno, 822 F.2d 416, 420 (3d Cir. 1987), Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983), Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) and Kauffman v. Cal Spas, 37 F. Supp.2d 402, 404 (E.D. Pa. 1999)).

    "Under Third Circuit precedent, district courts are to consider four factors in determining whether or not to open a default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Id. (citing Emcasco Insurance Company v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987) and Scarborough v. Eubanks, 747 F.2d 871, 875–78 (3d Cir. 1984)).

    Here, consideration of these factors does not support the relief requested. To begin, it is well settled that incurring the expense of litigating a claim or no longer being able to rely on a default generally are not grounds for establishing prejudice. Choice Hotels International, 192 F.R.D. at 174. Instead, "prejudice arises where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue the claim." Cassell, 198 F.R.D. at 69 (citing Momah v. Albert Einstein Medical Center, 161 F.R.D. 304, 307 (E.D. Pa. 1995) and Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656–57 (3d Cir. 1982)).

    The record supports plaintiffs' contention that they will be prejudiced if required to proceed with their claims against defendant anew. First, plaintiffs note that they settled the case with all the other defendants and did so at least in part after the default had been entered.

5

In this regard reopening will essentially send them back to square one, with the need to relitigate all of the issues and incur (and to some extent re-incur) the full panoply of litigation costs.  And while that would not be meaningful prejudice at the beginning of the case, plaintiffs have settled with all other defendants - which in turn will now present obstacles in obtaining the evidence needed to proceed with the claims against defendant.  Those settlements occurred almost three years ago, making it highly likely that the needed information from those parties will no longer be available and/or the ability to get the needed information will be challenging and only obtained at great expense.  And defendant's default was a fact of record when those settlements occurred, which lends credence to plaintiffs' assertion that they relied on that fact when making decisions about structuring the settlements.  Thus, at a minimum, the circumstances demonstrate that it was reasonable for plaintiffs to rely on defendant's default in making strategic decisions about their claims with the other defendants and plaintiffs' ability to now pursue their claims against defendant has been significantly impaired.

Second, it is apparent that defendant has engaged in culpable conduct.  "Culpable conduct" is established when the record reflects that the defaulting party has engaged in action or inaction willfully or in bad faith.  Cassell, 198 F.R.D. at 69 (citing Choice Hotels, 192 F.R.D. at 174 and Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123–24 (3d Cir. 1983)).  A showing of mere negligence will not suffice.  Id. (citing Momah, 161 F.R.D. at 308).  But a defendant's "reckless disregard for repeated communications from either the plaintiff or the Court" does supply a basis to impute culpable conduct to a defaulting defendant.  Id. (citing Kauffman, 37 F.Supp.2d at 405 (quoting Scottsdale Insurance Co. v. Littlepage, 1993 WL 275162 at *5–6 (E.D. Pa. 1993)) and citing Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)).

6

The record reflects that defendant made the strategic decision to ignore the claims in this case despite having an understanding of the obligation to file a responsive pleading. Her defense reflects a level of understanding about the availability of insurance coverage and the litigation that often ensues when insureds believe claims have been wrongfully denied. She admits that proper service was effectuated. She talked to several attorneys but ultimately chose to forgo further action due to financial constraints. And she has demonstrated an ability to file pleadings with the court. She simply waited until it appeared that plaintiffs were about to obtain a judgment against her before doing so. These aspects of the record in combination supply a sound basis for finding that defendant engaged in culpable conduct in relation to the entry of default.

Defendant also has failed to present a showing sufficient to sustain a finding that she has a meritorious defense. Demonstrating the existence "of a meritorious defense is accomplished when allegations of [the] defendant's answer, if established at trial, would constitute a complete defense to the action." Cassell, 198 F.R.D. at 69 (citing Kauffman v. Cal Spas, 37 F.Supp.2d at 404–05). A general denial is insufficient; instead, the defendant must assert specific facts supporting the existence of a *prima facie* meritorious defense. Id. (citing Kauffman v. Cal Spas, 37 F. Supp.2d at 404–05 and United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194–96).

As to the merit of plaintiffs' claims, defendant essentially maintains that plaintiffs did not purchase the proper forms of coverage, she properly performed her duties when the claim was presented by plaintiffs, plaintiffs elected to pursue their claims in court, the loss in question was not within the scope of the insurance that plaintiffs did purchase, and any personal liability was eliminated by the transaction involving Cochrane & Co. These are all forms of a general denial. None are supported factually and in a way that would establish a

complete defense to plaintiffs' claims against defendant.  Consequently, defendant has not advanced a *prima facia* meritorious defense.

Defendant's rumblings about plaintiffs' claims being discharged in bankruptcy fall short for different reasons.  While defendant certain can petition to reopen her bankruptcy proceeding to include any liability from plaintiffs' claims, she has not done so.  A review of her schedules confirms that plaintiffs' claims were not included in her bankruptcy proceeding. See In re Vicki L. Boser and Jerry D. Boser, 19-10991-MLB, (Bankr. W.D. of Wash. 2019). It also confirms that defendant received an order of discharge nine days before this lawsuit was filed.  Id.  Thus, the record indicates that plaintiffs were not given notice of the bankruptcy proceeding or an opportunity to be heard before that court regarding any potential discharge of the liability.

The United States Court of Appeals for the Third Circuit has held:

> Notice is "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality...."  Mullane [v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)].  Without notice of a bankruptcy claim, the claimant will not have a meaningful opportunity to protect his or her claim.  See 11 U.S.C. § 342(a) ("There shall be given such notice as is appropriate ... of an order for relief ... under [the Bankruptcy Code]."). Inadequate notice therefore "precludes discharge of a claim in bankruptcy." Chemetron [Corp. v. Jones, 72 F.3d 341, 346 (1995)].

In re Grossmans, Inc., 607 F.3d 114, 125-26 (3d Cir. 2010).

Here, because plaintiffs were not included in the bankruptcy proceeding, defendant cannot demonstrate that plaintiffs received timely notice of the bankruptcy proceeding or were given the opportunity to be heard before the bankruptcy court prior to the order of

discharge. Thus, plaintiffs' claims were not discharged and defendant's prior bankruptcy does not currently bar plaintiffs from moving forward on their claims.[1]

Date: August 22, 2023

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: Matthew J. Scanlon, Esquire
Timothy Grant Wojton, Esquire

(*Via CM/ECF Electronic Mail*)

Vickie L. Boser
14002 67th Avenue SE
Snohomish, WA 98296

(*Via first class mail*)

vickiboser@gmail.com

---

[1] Of course, this court's denial of defendant's motion to reopen default will be entered without prejudice to defendant seeking to reopen the bankruptcy proceeding and obtaining relief from the bankruptcy court as to the claims and/or judgment in this case.